UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DAVID WEXLER,                                   :
                                                :
                    Plaintiff,                  :
                                                :              REPORT &
     -against-                                  :              RECOMMENDATION
                                                :              20-CV-2672 (CBA) (SMG)
SYNERGY PREP, INC.,                             :
                                                :
                    Defendant.                  :
-------------------------------------------------------------x
GOLD, STEVEN M., U.S. Magistrate Judge:

## INTRODUCTION

Plaintiff David Wexler brings this action under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, and the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1201, *et seq.*, against defendant Synergy Prep, Inc., alleging that defendant unlawfully reproduced and published on its blog a photograph (the "Photograph") that plaintiff, a New York based professional photographer, authored and registered with the United States Copyright Office. Compl. ¶¶ 1–2, 9–10, 21–24, Dkt. 1; Decl. of Richard Liebowitz ("Liebowitz Decl.") ¶¶ 14–15, Dkt. 13. *See also* Ex. A, Dkt. 1-1 (the Photograph); Ex. C, Dkt. 1-3 (showing plaintiff's Photograph in the defendant's blog post). The Photograph depicts the Townsend Harris High School in Queens, New York. Compl. ¶ 7; *see* Ex. A. Plaintiff seeks statutory damages[1] and attorney's fees and costs. Notice of Mot., Dkt. 12.

Upon plaintiff's application and in light of defendants' failure to appear in or otherwise defend this action, the Clerk of the Court entered defendant's default on November 23, 2020. Dkt. 11. Plaintiff now moves for default judgment. Dkt. 12. The Honorable Carol Bagley

---

[1] Plaintiff initially sought actual damages and statutory damages in the alternative, *see* Compl. ¶¶ 17-18, 26-27, but requests only statutory damages in the present motion for default judgment.

Amon referred plaintiff's motion to me to issue a report and recommendation. Order dated Nov. 24, 2020. For the reasons stated below, I respectfully recommend granting plaintiff's motion, but awarding him only a portion of the damages he seeks.

## DISCUSSION

### I. Liability

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," plaintiff may apply to the court for a default judgment. Fed. R. Civ. P. 55(a). Once a default is entered, moreover, "a court is required to accept all…factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotation marks and citation omitted); *see TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) (same).

#### A. The Copyright Act

Plaintiff brings this action pursuant to Sections 106 and 501 of the Copyright Act. Compl. ¶ 15. Section 106 affords copyright owners the "exclusive rights…to reproduce the copyrighted work in copies" and "to prepare derivative works based upon the copyrighted work." 17 U.S.C. § 106; *Schwartzwald v. Oath Inc.*, 2020 WL 5441291, at *3 (S.D.N.Y. Sept. 10, 2020). "Section 501(b) provides a right of action for infringement by '[t]he legal or beneficial owner of an exclusive right under a copyright.'" *Dermansky v. Tel. Media, LLC*, 2020 WL 1233943, at *2 (E.D.N.Y. Mar. 13, 2020) (quoting 17 U.S.C. § 501(b)). To establish liability under Section 501, a copyright owner "must demonstrate that he owns a valid copyright and that copied elements of

the work were original." *Mango v. Northside Media Grp., LLC*, 2019 WL 4262018, at *2 (E.D.N.Y. Aug. 6, 2019) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)), *report and recommendation adopted*, 2019 WL 4261743 (E.D.N.Y. Sept. 9, 2019).

Accepting the allegations of the Complaint as true, plaintiff has established liability under Section 501. First, plaintiff has established that he owns a valid copyright. "Ownership of a valid copyright can be established by the introduction into evidence of a Copyright Office certificate of registration." *Pasatieri v. Starline Prods., Inc.*, 2020 WL 207352, at *2 (E.D.N.Y. Jan. 14, 2020) (internal quotation marks omitted). Here, plaintiff has submitted an exhibit showing that a photograph titled "Townsend Harris High School" is registered in his name with the United States Copyright Office. Registration, Dkt. 13-2; *see also* Compl. ¶ 10; Mem. of Law at 7, Dkt. 14.

"In order to establish the second element, Plaintiff must meet a 'minimal' burden to show that the Photograph is his original work and allege a violation of his exclusive rights under § 106." *Pasatieri*, 2020 WL 207352, at *2. "Originality does not mean that the work…must be either novel or unique, [] it simply means a work independently created by its author, one not copied from pre-existing works, and a work that comes from the exercise of the creative powers of the author's mind." *Boisson v. Banian, Ltd*, 273 F.3d 262, 268 (2d Cir. 2001) (internal quotation marks and citation omitted)). Aspects of a photograph, including the "subject matter, angle of photograph, lighting, determination of the precise time when the photograph is to be taken," suffice to establish originality. *Pasatieri*, 2020 WL 207352, at *2. Here, the lighting and angle of the Photograph suggest plaintiff exercised some minimal degree of creativity when authoring the Photograph. *See* Ex. A. Plaintiff alleges, moreover, that he licensed the Photograph to the New York Daily News, and was credited by the paper as its photographer. *See*

3

Ex. B, Dkt. 1-2 (New York Daily News article featuring the Photograph); *Dermansky*, 2020 WL 1233943, at *3 (finding plaintiff's allegations that she took the photograph and was a professional photographer who "licens[es] her photographs to online and print media" sufficient to establish originality). The Complaint's allegations and exhibits also establish that defendant used the Photograph without obtaining plaintiff's permission. Compl. ¶¶ 11-12; Ex. C.

For these reasons, the Court respectfully recommends that defendant be held liable for copyright infringement and for the damages set out below.

### B. The Digital Millennium Copyright Act

Plaintiff brings a second claim under Section 1202(b) of the DMCA alleging that, in addition to unlawfully reproducing and publishing the Photograph, defendant knowingly removed information identifying plaintiff as its author. Compl. ¶¶ 21–25. Section 1202(b) prohibits the intentional removal or alteration of any copyright management information "without the authority of the copyright owner" and "knowing…that it will induce, enable, facilitate, or conceal an infringement of any right under [Copyright Law]." 17 U.S.C. § 1202(b); *see also* 17 U.S.C. § 1203(a) (providing a private right of action). "Courts have applied this statute in a straightforward manner such that Plaintiffs [] need only allege (1) the existence of Copyright [m]anagement [i]nformation on the work in question; (2) removal and/or alteration of that information; and (3) that the removal and/or alteration was done intentionally." *Dermansky*, 2020 WL 1233943, at *3 (internal quotation marks and citation omitted).

The Complaint's allegations and exhibits suffice to establish liability under the DMCA. Plaintiff alleges that defendant copied the Photograph from an article in the New York Daily News, which included a "gutter credit" under the Photograph identifying plaintiff as its author. Compl. ¶¶ 8, 21; *see* Ex. B (showing the Photograph in New York Daily News with plaintiff's

4

credit). However, when defendant published the Photograph, plaintiff's name had been removed. Compl. ¶¶ 21–22; *compare* Ex. B, *with* Ex. C. Plaintiff alleges that defendant removed his name from the Photograph "knowingly and with the intent to induce, enable, facilitate, or conceal [its] infringement of Plaintiff's copyright." Compl. ¶¶ 24–25. I therefore recommend that defendant be held liable under the DMCA as well as the Copyright Act.

## II.     Remedies

Unlike those concerning liability, allegations relating to damages are not deemed admitted upon default. *See Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citing *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). Rather, damages must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. *Greyhound Exhibitgroup*, 973 F.2d at 158. However, "these steps are not necessary as long as [the court] ensure[s] that there was a basis for the damages specified in the default judgment." *Joe Hand Promotions, Inc. v. Levin*, 2019 WL 3050852, at *3 (S.D.N.Y. July 12, 2019) (alterations in original) (internal quotation marks and citation omitted). A court may make this determination upon a review of detailed affidavits and documentary evidence. *See Fustok v. Conticommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989).

As noted above, plaintiff seeks statutory damages under both the Copyright Act and the DMCA. Notice of Mot. In cases such as this one, where the defendant "both unlawfully reproduced the Photograph and altered the embedded copyright information," plaintiff is entitled to damages under each statute. *Reilly v. Commerce*, 2016 WL 6837895, at *8 (S.D.N.Y. Oct. 31, 2016).

5

*A. The Copyright Act*

Plaintiff seeks $30,000 in statutory damages under the Copyright Act. Mem. of Law at 17. Under the Section 504 of the Copyright Act, "a plaintiff who elects statutory damages is entitled to an award of between $750 and $30,000 per work infringed, 'as the court considers just.'" *Reilly*, 2016 WL 6837895, at *8 (quoting 17 U.S.C. § 504 (c)(1)). "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). "The Copyright Act affords the trial court 'wide discretion' in setting the amount of statutory damages." *Reilly*, 2016 WL 6837895, at *8. When setting statutory damages, courts consider:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Dermansky*, 2020 WL 1233943, at *5 (quoting *Bryant v. Media Rights Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010)).

Several of these factors weigh in favor of awarding plaintiff significant statutory damages. Plaintiff has alleged that defendant acted "willfully and intentionally," which the Court must accept as true in light of defendant's default. Defendant's removal of plaintiff's name from below the photograph also indicates a particular disregard for plaintiff's copyright ownership. *See Mantel v. Smash.com Inc.*, 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019). The fact that defendant defaulted also shows little "cooperation in providing evidence." *See Myeress v. Elite Travel Grp. USA*, 2018 WL 5961424, at *3 (S.D.N.Y. Nov. 14, 2018). Finally,

6

the Court's interest in deterring the careless copying of another's copyrighted work supports awarding plaintiff statutory damages.

However, because plaintiff has not provided any information regarding his lost licensing fee, the Court is unable to consider how much revenue plaintiff lost or infer the amount of expenses saved by defendant. Plaintiff urges the Court to "rely solely on the Defendant's willfulness in determining the appropriate amount within the statutory range," without regard to plaintiff's actual losses. Mem. of Law at 13. Courts in this circuit, however, have rejected this approach, observing that statutory damages "ought to bear some relation to actual damages suffered." *Dermansky*, 2020 WL 1233943, at *5 (quoting *Mantel*, 2019 WL 5257571, at *3). Particularly where the plaintiff is a professional photographer who "could have supplied information on his lost revenue, including licensing fees…[but] chose not to do so…the seeming absence of tangible harm is something the Court may consider." *Dermansky*, 2020 WL 1233943, at *5 (quoting *Mantel*, 2019 WL 5257571, at *3). Plaintiff's failure to provide such information thus cuts against awarding him $30,000 in statutory damages.

The circumstances of defendant's infringement also do not support awarding plaintiff the maximum statutory award for non-willful infringement. Courts tend to award plaintiffs "maximum or substantial statutory damages…[only when] there is additional evidence of willfulness and allegations of actual awareness on the part of the defendants of their infringing activity; there is usually at least one cease-and-desist letter sent to the defendant, and, frequently, requests for injunctive relief." *Dermansky*, 2020 WL 1233943, at *5 (collecting cases). Here, in contrast, plaintiff's allegations consist of a single instance of infringement; plaintiff did not send defendant a cease-and-desist letter and there is no indication that the infringement caused plaintiff "tangible harm." It also seems, based on the web address of the infringing post, *see* Ex.

7

C, and a quick google search for "Synergy Prep," that defendant is a tutoring company and therefore not in the publishing industry, making its infringement less well-informed and "blameworthy." *See Mantel*, 2019 WL 5257571, at *3 (finding infringement by defendant in the publishing industry "more blameworthy"). I therefore recommend awarding plaintiff $1,000 in statutory damages under the Copyright Act. *See Dermansky*, 2020 WL 1233943, at *6 (awarding statutory damages of $1,000, "an amount above the statutory minimum, to account for the willful actions of Defendant and the need to deter others—but well below the statutory maximum given the dearth of other evidence").

    *B. The Digital Millennium Copyright Act*

Plaintiff seeks $10,000 pursuant to the DMCA. Liebowitz Decl. ¶ 15. Under the DMCA, a plaintiff may recover between $2,500 to $25,000 for each violation. 17 U.S.C. § 1203(c)(3)(B). "In determining statutory damages under the DMCA, courts consider [several] factors, namely, the difficulty of proving actual damages, the circumstances of the violation, whether Defendants violated the DMCA intentionally or innocently, and deterrence." *Farrington* v. *Sell It Social, LLC*, 2020 WL 7629453, at *3 (S.D.N.Y. Dec. 21, 2020) (internal quotations marks and citation omitted). Courts tend to award $5,000 where "there is evidence of willfulness but also a lack of evidence of direct injury." *Mantel*, 2019 WL 5257571, at *4; *see, e.g., Dermansky*, 2020 WL 1233943, at *6; *Myeress*, 2018 WL 5961424, at *4.

Here, an award of $5,000 is appropriate for the same reasons that plaintiff is entitled to a modest award of statutory damages under the Copyright Act. Though plaintiff has established that defendant willfully removed copyright information from the Photograph, he has offered no evidence illustrating the extent of the harm defendant's infringement caused. Moreover, in each of the cases cited by plaintiff in support of a $10,000 DMCA award, *see* Mem. of Law at 21, the

8

court adopted plaintiff's proposed judgment without a memorandum explaining the basis for doing so. *See, e.g., Martinka v. Diario DeMexico USA, Inc.*, 18-cv-1993, Dkt. 19 (S.D.N.Y. June 27, 2018).

Accordingly, I recommend awarding plaintiff $5,000 under the DMCA.

### III. Attorney's Fees and Costs

#### A. Attorney's Fees

Plaintiff requests $722.50 in attorney's fees for 1.7 hours of work at a rate of $425 per hour. Liebowitz Decl. ¶¶ 16-17. The court may, in its discretion, grant attorneys' fees and costs under the Copyright Act, 17 U.S.C. § 505, and the DMCA, *see* 17 U.S.C. § 1203(b)(5). I find an award of attorney's fees appropriate in light of defendant's default.

Attorney's fees are determined by "multiplying a reasonable hourly rate by the number of reasonably expended hours. The reasonable hourly rate should be what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson v. N.Y. St. Off. of Mental Health*, 652 F.3d 277, 289 (2d Cir. 2011) (internal quotation marks and citation omitted). The Second Circuit's forum rule "generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" *Id.* at 290 (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)). Once having determined the appropriate hourly rate, the court reviews the hours expended, ensuring that the amount of time billed is not "excessive, redundant or otherwise unnecessary." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). Well-established Second Circuit precedent also requires that a fee application be supported by "contemporaneous time records" that "specify, for each attorney, the

9

date, the hours expended, and the nature of the work done." *N.Y. St. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

Here, plaintiff's counsel, Richard Liebowitz, has submitted a chart detailing "the date, the hours expended, and the nature of the work done." *See* Liebowitz Decl. ¶ 19.  Having reviewed each of the three entries, the Court finds the 1.7 hours billed reasonable.  An hourly rate of $425 is, however, high.  Though Mr. Liebowitz is a partner at his own law firm, he has been practicing law for only five years.  Liebowitz Decl. ¶ 17.  *See Farrington*, 2020 WL 7629453, at *4 (reducing Mr. Leibowitz's hourly rate from $425 to $350 based on his five years of experience); *Dermansky*, 2020 WL 1233943, at *7 (same).  Accordingly, I recommend awarding Liebowitz attorney's fees at the reduced rate of $350, which amounts to an award of $595 for the 1.7 hours of work he performed.

    B.  Costs

The Copyright Act provides for the reimbursement of costs.  *See* 17 U.S.C. § 505.  Plaintiff requests $440 in costs to cover the Court's filing fee of $400 and the service fee of $40.  Liebowitz Decl. ¶ 19.  The $400 filing fee is reflected on the docket.  Plaintiff, however, has not provided an invoice in support of his request for service costs.  Accordingly, I respectfully recommend awarding plaintiff $400 in costs.

## CONCLUSION

For all the reasons stated above, I respectfully recommend that plaintiff's motion for default judgment be granted, and that plaintiff be awarded $1,000 in statutory damages under the Copyright Act, $5,000 in statutory damages under the DMCA, $595 in attorney's fees, and $400 in costs.

Any objections to the recommendations made in this Report must be made within fourteen days after the filing of this Report and Recommendation and, in any event, on or before January 18, 2021. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit). Counsel for plaintiff shall serve a copy of this Report and Recommendation on defendant by letter and promptly file proof of service with the Court.

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
January 3, 2021

*U:\#ECC 2019-2020\20-cv-2672 Wexler v. Synergy\20-cv-2672 Wexler R&R FINAL.docx*